IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOWARD COHAN, <br><br> Plaintiff, <br><br> v. <br><br> LAKHANI HOSPITALITY, INC. an Illinois corporation, <br><br> Defendant. | Case No. 1:21-cv-5812 <br><br> Hon. |

**PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Howard Cohan, through his undersigned counsel, states the following in support of his Complaint for Declaratory and Injunctive Relief to remedy discrimination by Defendant Lakhani Hospitality, Inc. based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2. Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

**PARTIES**

3. Plaintiff is a resident of Palm Beach County, Florida.

1

4. Defendant Lakhani Hospitality, Inc. is a corporation with its registered office located at 5300 W. Touhy Ave., Skokie, IL 60077.

5. Upon information and belief, Defendant Lakhani Hospitality, Inc. owns or operates "Holiday Inn Chicago O'Hare" whose location qualifies as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the above paragraphs by reference.

7. Plaintiff is an individual with numerous disabilities, including severe spinal stenosis of the lumbar spine with spondylolisthesis and right leg pain, severe spinal stenosis of the cervical spine with nerve root compromise on the right side, a non-union fracture of the left acromion, a labral tear of the left shoulder, a full thickness right rotator cuff tear, a right knee medial meniscal tear, a repaired ACL and bilateral meniscal tear of the left knee and severe basal joint arthritis of the left thumb. These conditions cause sudden onsets of severe pain and substantially limit Plaintiff's ability to perform certain manual tasks, walk, stand, lift, bend, and work. The disabilities and symptoms are permanent.

8. Plaintiff suffered from these disabilities during his initial visit (and prior to instituting this action) to Holiday Inn Chicago O'Hare.

9. Plaintiff's disabilities are considered a qualified disability under 28 C.F.R. 36.105.

10. Plaintiff's condition is degenerative and occasionally requires mobility aids to assist his movement.

11. Plaintiff regularly travels to Chicago to visit friends and shop. Most recently, Plaintiff was in Chicago in June 2021, and plans to return in December 2021.

12. Plaintiff stays at hotels when he is in the area.

13. Plaintiff does not always stay at the same hotel, but prefers to shop around for the best prices, amenities, location, and ease of access to accommodate his disabilities.

14. Plaintiff regularly experiences barriers to access relating to his disability at hotels due to his frequent travels.

15. While many hotels advertise that they have accessible rooms or public areas, Plaintiff still regularly encounters barriers to access.

16. This requires Plaintiff to visit hotels that offer the amenities, pricing, and location he desires prior to booking a stay to ensure that he can access the Facility in a manner equal to non-disabled individuals.

17. Despite advertising that the Holiday Inn Chicago O'Hare is accessible, Plaintiff encountered barriers to access at the Chicago Facility, which denied him full and equal access and enjoyment of the services, goods, and amenities when he visited on October 18, 2019 and June 25, 2021.

18. Plaintiff is currently deterred from considering the Facility as an option for lodging on his future planned visits due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

19. Plaintiff is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

20. Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

## COUNT I

### REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

21. Plaintiff incorporates the above paragraphs by reference.

22. This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's violation of 42 U.S.C. § 12182; (2) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (3) Defendant's duty to remove architectural barriers at the Facility; and (4) Plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

23. Plaintiff seeks an order declaring that he was discriminated against on the basis of his disability.

## COUNT II

### REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

24. Plaintiff incorporates the above paragraphs by reference.

25. The Chicago Facility is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a hotel. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

26. Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

27. Architectural barriers exist which deny Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

28. Plaintiff personally encountered architectural barriers on October 18, 2019 and June 25, 2021, at the Chicago Facility located at 5615 N. Cumberland Ave., Chicago, IL 60631 that affected his disabilities:

4

a. Disabled Parking:

   i. Not providing a sign for disabled parking or van disabled parking as required by sections 502 and 502.6 of the Standards, which requires Plaintiff to walk further than necessary to enter the Facility and aggravates his back and knee injuries and would require him to drag his luggage further than necessary, aggravating his back, knee, and shoulder injuries.

b. Passenger Drop Off Area:

   i. Not providing a passenger loading zone with an access aisle marked with striping as required by sections 209, 209.1, 209.4, 503, 503.1, 503.3 and 503.3.3 of the Standards, which requires Plaintiff to walk further than necessary to enter the Facility and would require him to drag his luggage further than necessary, aggravating his back, knee, and shoulder injuries.

c. Men's Restroom Near Michigan:

   i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs., which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards and aggravates the rotator cuff injury in Plaintiff's shoulder and causes undue strain on his back because the door pressure is too heavy.

   ii. Providing a swinging door or gate without proper maneuvering clearances required by sections 404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1 of the Standards, which causes Plaintiff difficulty in opening the door due to his need to use the wall for leverage to open the door.

iii. Not providing enough clear floor space around a water closet as required by sections 4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1 of the Standards, which prohibits Plaintiff from using grab bars for assistance in getting onto and off of the toilet due to his back and knee injuries, especially given his hand and shoulder injuries.

iv. Not providing the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop as required by sections 606 and 606.5 of the Standards, which causes Plaintiff undue strain on his back in trying to avoid the objects under the sink or countertop, especially since he has difficulty using his other arm for support.

v. Not providing a urinal designed where the rim height is no more than 17 inches from the finished floor as required by sections 605 and 605.2 of the Standards, which causes undue strain on his back and knee injuries and affects his ability to safely use the urinal.

vi. Providing a urinal where the horizontal projection of the urinal is not at a minimum of 13.5 inches as required by sections 605 and 605.2 of the Standards, which causes undue strain on Plaintiff's back while trying to use the urinal.

vii. Providing grab bars of improper horizontal length or spacing along the rear wall as required by sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards, which prevents Plaintiff from using the bars to assist him

6

getting onto and off of the toilet, aggravating his back, knee, and shoulder injuries.

viii. Providing grab bars of improper horizontal length or spacing along the side wall as required by sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards, which prevents Plaintiff from using the bars to assist him getting onto and off of the toilet, aggravating his back, knee, and shoulder injuries.

ix. Failing to provide side grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of sections 609, 609.4 and 609.7 of the Standards, which causes Plaintiff difficulty in using the grab bar and aggravates his shoulder injury.

x. Failing to provide rear grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of sections 609, 609.4 and 609.7 of the Standards, which causes Plaintiff difficulty in using the grab bar and aggravates his shoulder injury.

xi. Not providing a paper towel dispenser at the correct height above the finished floor as required by sections 606, 606.1 and 308 of the Standards, which requires Plaintiff to reach higher than necessary to access the dispenser and aggravates the rotator cuff injury in his shoulder.

xii. Not providing the correct height for a table surface or for a baby changing table as required by sections 902, 902.1, 902.2, 902.3 of the Standards or

        section 4.32.4 of the 1991 ADA Standards, which causes undue strain on Plaintiff's back and shoulder.

   xiii. Not providing the water closet in the proper position relative to the side wall or partition as required by sections 604 and 604.2 of the Standards, which prevents Plaintiff from using the side wall or partition for support and aggravates his back injury.

   xiv. Not providing flush controls located on the open side of the water closet as required by sections 309, 309.4, 604 and 604.6 of the Standards, which requires Plaintiff to reach across the toilet and cause undue strain on his back, legs, and shoulder.

   xv. Not providing the water closet seat at the correct height above the finished floor as required by sections 604 and 604.4 of the Standards, which causes strain on Plaintiff's back and aggravates his knee injury.

   xvi. Not providing an additional accessible toilet compartment complying with 604.8.2 when there are 6 or more water closets or urinals in any combination as required by sections 213, 213.3 and 213.3.1 of the Standards, which requires Plaintiff to use an inaccessible toilet compartment.

29. These barriers cause Plaintiff difficulty in safely using each element of the Facility because of Plaintiff's impaired mobility and limited range of motion in his arms, shoulders, legs, and hands requiring extra care due to concerns for safety and a fear of aggravating his injuries.

30. Defendant has failed to remove some or all of the barriers and violations at the Facility.

31. Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the Facility in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

32. Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

33. It would be readily achievable for Defendant to remove all of the barriers at the Facility.

34. Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. declare that the Facility identified in this Complaint is in violation of the ADA;

B. declare that the Facility identified in this Complaint is in violation of the 2010 ADA Standards for Accessible Design;

C. enter an Order requiring Defendant make the Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and the 2010 ADA Standards for Accessible Design;

D. enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

E. award Plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

F. grant any other such relief as the Court deems just and proper.

Respectfully submitted,

CASS LAW GROUP, P.C.

/s/ Angela C. Spears

Angela C. Spears (IL Bar #: 6327770)

CASS LAW GROUP, P.C.
20015 S. LaGrange Rd #1098
Frankfort, IL 60423
T: (833) 343-6743
F: (855) 744-4419
E: aspears@casslawgroup.com
*Counsel for Plaintiff*

Dated: October 6, 2021