UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOWARD COHAN, | ) |
| | ) No. 21 CV 5812 |
| Plaintiff, | ) |
| | ) |
| v. | ) Magistrate Judge Young B. Kim |
| | ) |
| LAKHANI HOSPITALITY, INC., | ) |
| | ) March 16, 2022 |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

Plaintiff Howard Cohan alleges that Defendant Lakhani Hospitality, Inc. is in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 ("ADA"), based on its failure to comply with certain ADA regulations. (R. 1, Compl.) Before the court is Defendant's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the motion is denied:

**Background**

When evaluating motions to dismiss, the court must accept as true all well-pleaded facts taken from the complaint and draw all reasonable inferences therefrom in plaintiffs' favor. *See Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 289-90 (7th Cir. 2016). The court may also take judicial notice of documents in the public record. *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1073 (7th Cir. 2013). However, courts generally cannot consider materials outside of the pleadings when deciding motions to dismiss. *See McCready v. eBay*, 453 F.3d 882, 891 (7th Cir. 2006); *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) (stating that "complaint

may not be amended by the briefs in opposition to a motion to dismiss"). The court, therefore, declines to consider Cohan's declaration submitted in opposition to the motion because it includes allegations regarding his disability and travel to Chicago and the Holiday Inn Chicago O'Hare ("the Facility") not mentioned in the complaint. (Compare R. 1, Compl. ¶¶ 7, 9, 11 with R. 13, Pl.'s Resp. Ex. A ¶¶ 8, 12-13, 15, 23-24); *see also Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1021 (C.D. Cal. 2015) (declining to consider declaration offering evidence "not referenced in the complaint or not a proper subject of judicial notice").

According to the complaint, Cohan is a Florida resident who suffers from spinal stenosis and other impairments, which constitute a qualified disability under the ADA. (R. 1, Compl. ¶¶ 3, 7, 9.) His impairments are degenerative, and he occasionally uses mobility aids. (Id. ¶ 10.) On October 18, 2019, Cohan visited the Facility, which Defendant owns and operates, and "personally encountered architectural barriers . . . that affected his disabilities." (Id. ¶¶ 17, 28.) He again visited the Facility on June 25, 2021, and faced difficulty accessing features available to nondisabled individuals. (Id.)

Cohan complains that the Facility fails to comply with ADA regulations because it lacks a sign for disabled parking or a passenger loading zone with an access aisle marked with striping. (Id. ¶ 28(a)-(b).) He further complains that the men's restroom fails to comply with applicable ADA regulations. (Id. ¶¶ 28(c)(i)-(xvi).) Although Cohan plans to return to Chicago "to visit friends and shop," he says that Defendant's noncompliance with the ADA prevents him from "considering the

2

Facility as an option for lodging on his future planned visits." (Id. ¶¶ 11, 18-19.) Cohan seeks injunctive relief and a declaration that Title III and the 2010 ADA Standards for Accessible Design require Defendant to remove barriers at the Facility to ensure he has full and equal access.

## Analysis

Title III prohibits an individual from being "discriminated against on the basis of disability" in "any place of public accommodation." 42 U.S.C. § 12182(a). In the context of public facilities, Title III defines "discrimination" as "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." *Id.* § 12182(b)(2)(A)(iv). The statute grants a private right of action to any person discriminated against in violation of this provision. *Id.* § 12188(a). Defendant argues that the complaint in this case must be dismissed because Cohan lacks standing to bring this ADA lawsuit, *see* Fed. R. Civ. P. 12(b)(1), and that the statute of limitations and his failure to allege sufficient facts bar his claims, *see* Fed. R. Civ. P. 12(b)(6). (R. 8, Def.'s Mot.) The court disagrees.

**A.     Standing**

Standing is a "fundamental" jurisdictional requirement, and a lawsuit must be dismissed under Rule 12(b)(1) where a plaintiff has not "suffered a concrete injury." *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 667 (7th Cir. 2021). To avoid dismissal for lack of standing, the party seeking to sue must allege that: (1) he "suffered an injury-in-fact[;] (2) the injury was caused by the defendant[;] and (3) the injury is redressable by judicial relief." *Ewing v. MED-1 Sols., LLC*, 24 F.4th 1146,

3

1151 (7th Cir. 2022). "An injury-in-fact must be concrete, particularized, and actual or imminent" for a party to have standing. *Id.*; *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 n.1 (1992) (requiring "particularized" injury to harm plaintiff in "personal and individual way"). In other words, "[n]o concrete harm, no standing." *Ewing*, 24 F.4th at 1151 (quotations and citation omitted). Because Cohan seeks injunctive relief, he must also show a "real and immediate"—not "conjectural or hypothetical"—threat of future harm under the ADA. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983) (quotations omitted).

Defendant argues at the outset that Cohan cannot show he suffered a concrete injury. On the two occasions Cohan visited the Facility, Defendant notes he merely accessed the parking lot and common areas without having secured a reservation, checked into or "patronized" a room, or "otherwise availed himself of the services offered" at the Facility, and he does not allege he suffered a financial loss. (R. 8, Def.'s Mot. at 8-9.) Defendant also points out that after observing the purported ADA violations, Cohan simply "note[d] and ignore[d]" the issues and "continued testing" for others, suggesting that Cohan is a mere "tester," not a *bona fide* patron. (Id.)

To determine whether Cohan suffered a concrete injury, the court must decide whether he "alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction." *Access Living of Metro. Chi. v. Uber Techs., Inc.*, 958 F.3d 604, 608 (7th Cir. 2020) (quotations omitted) (citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 378-79 (1982).) Cohan has done so here. For each ADA violation he alleges, Cohan explains how that violation caused

4

him physical harm. (R. 1, Compl. ¶ 28.) Specifically, Cohan alleges that because the Facility lacks designated disabled parking or passenger drop off, as required by the ADA, he had "to walk further than necessary to enter the Facility" when he visited in 2019 and 2021, and that the added distance "require[d] him to drag his luggage further than necessary, aggravating his back, knee, and shoulder injuries." (Id. ¶¶ 28(a), (b).) Cohan also alleges that Defendant's failure to abide by specifications for an accessible restroom hindered his ability to use the restroom safely and caused undue strain. (Id. ¶ 28(c).) "[P]ointing to a direct harm" in the form of a "physical injury," as Cohan does here, "is the most straightforward way to show a concrete injury." *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 926 (11th Cir. 2020) (stating that "physical injury" is one of "the most obvious and easiest" tangible harms to understand when showing ADA violation caused harm). The court finds that Cohan has pleaded sufficient actual and imminent injury-in-fact.

Defendant argues that Cohan's status as an ADA "tester" negates any possible injury, pointing to public records, including more than 2,300 similar ADA lawsuits Cohan has filed. (See R. 8, Def.'s Mot. at 4-5, 8-9 (citing Cohan's "tester" admission in *Cohan v. Bolingbrook Hotel, Inc.*, No. 20 CV 4715 (N.D. Ill.)).) Defendant also notes that Cohan filed 13 other lawsuits based on visits he made to Chicago-area facilities on and around the dates he visited the Facility here. (R. 14, Def.'s Reply at 4.) Given these circumstances, Defendant argues public policy would be violated if the court were to find that Cohan has standing to sue here. (R. 8, Def.'s Mot. at 9.)

5

For support Defendant relies on nonprecedential decisions finding lack of standing where plaintiffs alleging ADA violations did not stay at the subject facilities, performed only visual inspections, failed to establish a "continuing connection" to the properties, and were involved in numerous other ADA lawsuits. (Id. at 10 (citing *Steven Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368, 1375 (M.D. Fla. 2004); *Brother v. CPL Invs., Inc.*, 317 F. Supp. 2d 1358, 1368-70 (S.D. Fla. 2004)).) But both the Supreme Court and the Seventh Circuit have made clear that "tester status does not deprive a plaintiff of standing." *Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 833 (7th Cir. 2019); *see also Havens Realty*, 455 U.S. at 373-74 (recognizing standing of tester who alleged Fair Housing Act violations); *Access Living*, 958 F.3d at 608-09 (finding plaintiff nonprofit organization sufficiently alleged increased costs incurred as a result of discriminatory ridesharing offerings); *Common Cause Ind. v. Lawson*, 937 F.3d 944, 952 (7th Cir. 2019) (applying *Havens Realty* and finding voter advocacy organization had standing to challenge election law where it would deplete organization's resources and other projects); *Tandy v. City of Wichita,* 380 F.3d 1277, 1287 (10th Cir. 2004) ("[T]esters have standing to sue under Title II of the ADA."). Thus, it matters not whether Cohan was patronizing the Facility or merely testing it for ADA compliance. *See Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1332-34 (11th Cir. 2013) (finding that rights conferred by ADA, including Section 12182(a), do not "depend on the motive behind [a plaintiff's] attempt to enjoy the facilities"). Cohan's motive does not nullify his injury.

6

Defendant next contends that Cohan has not sufficiently alleged any "real and immediate threat of future injury." (R. 8, Def.'s Mot. at 9-11.) That argument also fails. In determining whether a plaintiff has alleged a real and immediate threat of future injury, courts consider whether "it is reasonable to infer from [the] complaint that this discriminatory treatment will continue" and whether "it is also reasonable to infer, based on the past frequency of [the plaintiff's] visits and the proximity of [the public accommodation] to [his] home, that [he] intends to return to [the public accommodation] in the future." *Scherr*, 703 F.3d at 1074 (quotations and citation omitted). Put another way, courts examine: (1) the "history of plaintiff's patronage of a particular location"; (2) the "proximity of the place in question to the plaintiff's residence or location of frequent travel"; (3) the "definiteness of the plaintiff's plans to return"; and (4) "the plaintiff's frequency of travel near the defendant establishment." *Faircloth v. McDonald's Corp.*, No. 18 CV 1831, 2018 WL 5921230, at *3 (N.D. Ill. Nov. 13, 2018) (citation omitted).

Defendant argues that it is not reasonable to infer future injury here because Cohan has visited the Facility only twice, his residence in Florida is about 1,300 miles away, his plans to return lack specificity, and he visits Chicago only two to three times per year. (R. 8, Def.'s Mot. at 8-10.) But taking Cohan's allegations as true as this court must, he "regularly travels to Chicago to visit friends and shop," visited the Facility in 2019 and 2021, plans to return to Chicago, and would return to the Facility but for Defendant's continuing ADA violations. (R. 1, Compl. ¶¶ 11, 18-19, 27-28.) These allegations are more than sufficient to support injunctive relief. And while the

7

Facility is not near Cohan's home in Florida, it is more likely for an out-of-state visitor to use the Facility—a hotel that advertises its proximity to O'Hare Airport in its very name—than someone who lives a few miles away from the Facility.

Nevertheless, Defendant argues that Cohan's "plans to return" to the Facility amount to speculative "'some day' intentions" that are insufficient to show a likelihood of future harm, citing the Supreme Court's decision in *Lujan*. (R. 8, Def.'s Mot. at 10 (citing *Lujan*, 504 U.S. at 564).) But as the Seventh Circuit noted, the Supreme Court later clarified that "conditional statements—that [a plaintiff] would visit a place but for ongoing violations—cannot be equated with the speculative 'some day intentions'" referenced in *Lujan*. *Scherr*, 703 F.3d at 1074 (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 184 (2000).) Given Cohan's "past travel history and [his] affirmative desire to stay at [the Facility] but for the alleged violations," he has standing to sue. *Scherr*, 703 F.3d at 1074-75. Accordingly, the court denies Defendant's Rule 12(b)(1) motion. That said, Defendant is entitled to raise the standing issue again, if warranted, as it is a jurisdictional issue.

B.  **Statute of Limitations**

Having determined that Cohan has standing to bring this lawsuit, the court considers Defendant's argument that the statute of limitations bars "any reference" to his October 18, 2019 visit to the Facility. (R. 8, Def.'s Mot. at 11.) While the ADA does not include a statute of limitations, the Seventh Circuit has determined that Illinois's two-year personal injury statute of limitations most closely aligns with ADA

violations like those alleged here. *See Scherr*, 703 F.3d at 1075. Given that more than two years lapsed between Cohan's first visit to the Facility on October 18, 2019, and the filing of his complaint on October 29, 2021, Defendant seeks to dismiss any claims related to the first visit. (R. 8, Def.'s Mot. at 11; see also R. 1, Compl. ¶ 28.)

Title III, by its own terms, is available to "any person who is being subjected to discrimination on the basis of disability" or who has "reasonable grounds for believing that such person is about to be subjected to discrimination." *Scherr*, 703 F.3d at 1075 (citing 42 U.S.C. § 12188(a)(1)). Persuaded by the Ninth Circuit's "observ[ations]" regarding this language, the Seventh Circuit has interpreted "is being subjected to" and "is about to be subjected to" as meaning that "a continuing or a threatened violation of the ADA is an injury within the meaning of the [ADA]" and that a plaintiff may seek "injunctive relief to stop or prevent such injury." *Scherr*, 703 F.3d at 1075 (quotations omitted) (citing *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1136 (9th Cir. 2002)). Based on this interpretation, the Seventh Circuit in *Scherr* rejected a defendant's argument that Illinois's two-year statute of limitation barred the plaintiff's ADA claims because she knew about the violations more than two years before filing her ADA lawsuit. *Id.* at 1076. Given the plaintiff's allegations that she was "currently aware of what she believes to be ongoing ADA violations . . . and that she would return to the hotel but for these ongoing violations," her claims survived dismissal. *Id.*

Likewise, Cohan alleges in this case what he believes are ongoing ADA violations. (R. 1, Compl. ¶¶ 17-19, 27-28.) He does not allege violations based solely

9

on October 2019 ADA violations. As a result, Cohan's request for injunctive relief to stop continuing ADA violations is sufficient to overcome the statute of limitations. (Id. ¶¶ 24-34); *see also Scherr*, 703 F.3d at 1075-76.

## C. Sufficiency of Complaint

Finally, Defendant argues that the complaint "fails to state sufficient facts" to support the alleged ADA violations. (R. 8, Def.'s Mot. at 11-12.) A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint rather than the merits of the case. *See Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Under Rule 8(a), all that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing Fed. R. Civ. P. 8(a)) (quotation omitted). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements'" of the claim is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Instead, factual allegations must give "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation omitted). The allegations must also be facially plausible, meaning they provide enough factual content to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Defendant asserts that Cohan's complaint must be dismissed because he fails to allege sufficient facts showing how he was discriminated against or injured and how the alleged violations harmed him. (R. 8, Def.'s Mot. at 11-12.) As to the first alleged deficiency, Defendant contends that Cohan alleges only "nonspecific" ADA

10

violations. (Id.) But even a quick glance at the complaint shows otherwise. (R. 1, Compl.) Cohan itemizes the alleged ADA violations and, for each, cites the applicable location and specific ADA standards for accessible design. (Id. ¶ 28.) The same is true for the second alleged deficiency in that the complaint provides "fair notice" of how the alleged ADA violations harmed him. *See Twombly*, 550 U.S. at 555. For each ADA violation, Cohan explains how he suffered physical harm, including aggravation to and undue strain on his back, knee, and shoulder. (R. 1, Compl. ¶ 28.)

As Cohan points out in his response, his complaint alleges: (1) he is disabled; (2) he visited the Facility twice to ensure he could access its goods and services "in a manner equal to non-disabled individuals"; (3) he encountered architectural barriers impeding his access in violation of the ADA during those visits; (4) those barriers caused safety issues and undue strain; (5) he travels to Chicago on a regular basis to shop and visit friends; and (6) he would return to the Facility if barriers to his access were removed. (Id. ¶¶ 7-9, 11, 16-19, 28; R. 13, Pl.'s Resp. at 9.) Taking these factual allegations as true, as the court must at this stage, they sufficiently set forth Cohan's claims and the grounds upon which they rest. *See* Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. The court therefore denies the motion to dismiss.

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss is denied.

                                      **ENTER:**

                                      _____
                                      **Young B. Kim**
                                      **United States Magistrate Judge**